IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDIANA AREA SCHOOL DISTRICT,          )
                                       )
              Plaintiff,               )
                                       )
     -vs-                              )
                                         Civil Action No.  04-1696
                                       )
H.H. and his Parents,                  )
                                       )
              Defendants.              )

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

Pending before the Court is Defendants', H.H.'s and his parents', Motion for Partial Summary Judgment (Docket No. 50).  After careful consideration of the submissions of the parties and for the reasons set forth below, I find that Defendants' Motion (Docket No. 50) is granted.

## I. BACKGROUND

This Court incorporates by reference the facts in the Background section set forth in its Opinion and Order of Court dated July 25, 2005, as though the same were set forth herein fully and at length.  (Docket No. 34).

## II. STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions,

answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore

be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting Celotex,* 477 U.S. at 322.

## III.  <u>LEGAL ANALYSIS</u>

### A.  <u>SECTION 504 AND THE ADA</u>

The main issue for determination in the pending Motion is whether a finding of a denial of FAPE under the IDEA is discrimination *per se* under §504 of the Rehabilitation Act and the ADA.  *See,* Docket No.  50, ¶ 6.  Specifically, Defendants urge this Court that its finding of a denial of FAPE for the 2003-2004 school year under the IDEA is *per se* discrimination under §504 and the ADA, such that they are entitled to summary judgment as to those counts.  *See,* Docket No. 50, ¶8.  In response, Plaintiff argues that a finding of a FAPE violation under the IDEA does not equate  to a *per se* violation under §504 or the ADA.  *See,* Docket No. 53.

Section 504 prohibits disability discrimination by, *inter alia,* programs and activities receiving federal funds.[1]  29 U.S.C. §794(a).  Title II of the ADA "extends

---

[1]Section 504 of the Rehabilitation Act provides, in pertinent part, as follows:

§794.  Nondiscrimination under Federal grants and programs

(a)      Promulgation of rules and regulations

No otherwise qualified individual with a disability in the United States,..., shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. §794(a).

section 504's anti-discrimination principles to public entities" generally.[2]  *Helen L. v. DiDario,* 46 F.3d 325, 332 (3d Cir. 1995); 42 U.S.C. §12132.  To establish a *prima facie* case of disability discrimination under §504, a plaintiff must prove that (1) he is "disabled" as defined by the Act; (2) he is "otherwise qualified" to participate in school activities; (3) the school or the board of education receives federal financial assistance; (4) he was excluded from participation in, denied the benefits of, or subject to discrimination at the school; and (5) the school or the board of education knew or should be reasonably expected to know of his disability.[3]  *W.B. v. Matula,* 67 F.3d 484, 492 (3d Cir. 1995); *Ridgewood Bd. of Educ. v. N.E.,* 172 F.3d 238, 253 (3d Cir. 1999).  All of the same elements, except the third element relating to federal funds, are required to establish a *prima facie* case of discrimination under the ADA.  42 U.S.C. §12132.

It is true that the Third Circuit has held that "there are few differences, if any,

---

[2]The ADA provides, in pertinent part, as follows:

§12132.  Discrimination

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. §12132.

[3]Plaintiff argues that there is an additional requirement to prove intentional discrimination via bad faith or gross misjudgment.  *See,* Docket No. 53, pp. 8-10.  The Third Circuit has clearly held, however, that "a plaintiff need not prove that defendants' discrimination was intentional." *Ridgewood Bd. of Educ.,* 172 F.3d at 253, *citing W.B. v. Matula,* 67 F.3d at 492.  While I recognize that *Ridgewood* dealt only with §504, the Third Circuit generally has held that the same analysis under §504 applies in determining whether a defendant's actions violate the ADA. *Jeremy H. v. Mount Lebanon Sch. Dist.,* 95 F.3d 272, 279 (3d Cir.1996).  Consequently, I find that Plaintiff need not prove the additional requirement of intentional discrimination to prove its case under the ADA.  Therefore, I need not discuss whether Defendants can establish bad faith or gross misjudgment.

between IDEA's affirmative duty and §504's negative prohibition and [has] noted that the regulations implementing §504 require school districts 'provide a free appropriate education to each qualified handicapped person in [its] jurisdiction.'" *Ridgewood,* 172 F.3d at 253, *quoting W.B.,* 67 F.3d at 492-93.  This does not mean, however, that the failure to provide a FAPE is *per se* discrimination under §504 or the ADA.  To the contrary, as the Third Circuit stated later in its opinion, "the failure to provide a free appropriate public education violates IDEA and therefore *could* violate §504."  *Id,* (emphasis added).  Thus, there is no *per se* finding.  To recover under §504 or the ADA, a plaintiff must still meet all of the elements of a *prima facie* case under said statutes.  *Id.*

In this case, Plaintiff concedes elements 1-3 and element 5.  Docket No. 53, p. 7. Plaintiff's only argument in this regard is that "H.H. was not excluded from participation at the District....[T]he record contains direct and substantial evidence that the District did not discriminate against H.H.  Special Education and related services were provided to H.H. at no cost, and he obtained benefit from the educational programs and placements in his IEP despite the District's failure to provide a behavioral intervention plan which resulted in an award of tuition reimbursement."  Docket No. 53, pp. 7-8.  For the reasons set forth in my opinion dated July 25, 2005 (Docket No. 34) regarding a denial of a FAPE for the 2003-2004 school year, I disagree with Plaintiff.  I find there is no genuine issue of material fact that H.H. was excluded from participation in or denied the benefits of the school. Consequently, summary judgment in favor of Defendants on their §504 and ADA

claims is warranted.

**B.  DAMAGE**

Under their IDEA claim, Defendants sought damages for H.H. only in the form of compensatory education.[4]  *See,* Defendants' Brief in Support of Motion for Summary Judgment, pp. 19-20.  (Docket No. 8).   Defendants now seek a trial on damages for H.H. under §504 and the ADA in the form of compensatory damages. (Docket No. 50-3, pp. 14-18).  In response, Plaintiff argues that Defendants cannot receive two remedies for the same denial of FAPE.  (Docket No. 53, pp. 3-4.)  I note, however, that the remaining issue relates to damages for a violation of §504 and the ADA.   Moreover, compensatory damages under §504 and the ADA can include monetary damages, which were not sought by H.H. under his IDEA claim and not discussed as an option in my Opinion and Order of Court dated July 25, 2005.  *See, W.B. v. Matula,* 67 F.3d 484 (3d Cir. 1995)("plaintiffs may seek monetary damages directly under §504....").  While I have already determined that H.H. cannot recover compensatory education as a remedy for the 2003-2004 school year, after a review of the evidence, I find there remains a genuine issue of material fact as to other compensatory damages available under §504 and the ADA, such as pain and

---

[4]In my opinion dated July 25, 2005, I found H.H. was not entitled to compensatory education. (Docket No. 34). Compensatory education may be an appropriate award where a school district knows or should know that a child has an inappropriate IEP or is not receiving more than a *de minimis* educational benefit and does not correct the situation. *M.C. on Behalf of J.C. v. Central Regional School Dist.,* 81 F.3d 389, 397 (3d Cir. 1996).  Compensatory education is appropriate "for a period  equal to the period of deprivation, but  excluding the time reasonably required for the  school district to rectify the problem." *Id.*  Based on the fact that H.H. only attended Plaintiff's school district for 9 days before his parent unilaterally placed H.H. at Milestones (where H.H. received an appropriate education for the 2003-2004 school year), and that the parents did not give Plaintiff 10 days prior notice, I did not find compensatory education to be warranted in this case. *See,* Docket No. 34.

suffering. Thus, this case will proceed to trial only to determine compensatory damages as to H.H. for the violations of §504 and the ADA for the 2003-2004 school year.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDIANA AREA SCHOOL DISTRICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  04-1696 |
| H.H. and his Parents, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **23rd** day of February, 2006, after consideration of the pending Motions for Partial Summary Judgment (Docket No. 50), it is ordered that said Motion is granted.

It is further ordered that the case will proceed to trial, as set forth in the pre-trial order, to determine the issue of compensatory damages as to H.H. for the violations of §504 and the ADA for the 2003-2004 school year.

BY THE COURT:

/S/ Donetta W. Ambrose,

Donetta W. Ambrose,
Chief U. S. District Judge

8