IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDIANA AREA SCHOOL DISTRICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1696 |
| | ) |
| H.H. and his Parents, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION & ORDER**

This case is scheduled for a bench trial on March 27, 2006, on the issue of compensatory damages for violations of the ADA and §504 of the Rehabilitation Act during the 2003-2004 school year. *See,* Docket No. 56.  Pending before the Court is Defendants', H.H.'s and his parents', Motion *In Limine* To Preclude Testimony and Strike the Expert Report of William Penn Ed.D. (Docket No. 58).  Plaintiff filed a response thereto.  (Docket No. 62).   Thus, the issue is ripe for review.

Defendants' Motion *in Limine* is based on *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S. 579 (1993).  In *Daubert,* the Supreme Court held that:

> [f]aced with a proffer of expert scientific testimony, ... the trial court judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.  This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology

properly can be applied to the facts in issue.

*Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592-93 (1992). In the Third Circuit, the trial court's role as a "gatekeeper" announced in *Daubert* requires proof that: (1) the proffered witness is qualified as an expert; (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge; and (3) the expert's testimony must "fit" the facts of the case. *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 741-42 (3d Cir. 1994). As this case will proceed to a bench trial, the Court's "'role as a gatekeeper pursuant to *Daubert* is arguably less essential.'" *Clark v. Richman*, 339 F.Supp.2d 631, 648 (M.D. Pa. 2004), *quoting Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F.Supp.2d 584, 596 n. 10 (D.N.J.2002) (*citing Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000); *Volk v. United States*, 57 F.Supp.2d 888, 896 n. 5 (N.D.Cal.1999)).

First, Defendants seek to exclude the testimony of Dr. Penn that Plaintiff provided a FAPE because it is contrary to conclusions made by this Court. (Docket No. 58, ¶2). In response, Plaintiff indicates that it offered the report of Dr. Penn prior to this Court's rulings on the issue of a denial of a FAPE. (Docket No. 62, p. 5, n. 3). Based on the same, Plaintiff submits that it is now only offering Dr. Penn as an expert to address the issue of pain and suffering. *Id.* Thus, this issue is now moot.

Second, Defendants argue that Dr. Penn's report is not reliable or fit to assist this Court. (Docket No. 58, ¶4; Docket No. 59, pp. 6-8). Specifically, with regard to the only remaining issue of compensatory damages, Defendants suggest that Dr. Penn omits any reference to observing or assessing H.H.'s educational or behavioral levels or losses. (Docket No. 59, p. 7). This argument, however, goes to weight, not

admissibility.

Third, Defendants ague that Dr. Penn is not an expert. (Docket No. 58, ¶5; Docket No. 59, pp. 8-9). Based on a review of Dr. Penn's curriculum vita, however, I disagree. *See,* Docket No. 59, Exhibit A. Dr. Penn is qualified as an expert to testify in this case as to the remaining issue of compensatory damages for violations of the ADA and §504 of the Rehabilitation Act.

THEREFORE, this **14th** day of March, 2006, after careful consideration of the pending Motion, it is Ordered that the Motion *in Limine* (Docket No. 58), is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge