IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INDIANA AREA SCHOOL DISTRICT,           )
                                        )
            Plaintiff,                  )
                                        )
   -vs-                                 )
                                          Civil Action No.  04-1696
                                        )
H.H. by and through his Parents, K.H. and )
W.H.,                                   )
                                        )
            Defendants.                 )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Plaintiff, Indiana Area School District ("District"), has filed a Motion for Sanctions pursuant to Rule 11(b)(1)[1] of the Federal Rules of Civil Procedure.  (Docket No. 76).  Specifically, the District contends that the Defendants ("the Parents") did not come to the jointly requested motion for a settlement conference in good faith.  The District asserts that the Parents' counsel did not provide a detailed accounting of his fees and costs.  Nonetheless, at the conference the Parents' counsel made a demand of $62,000.00.  The conference ended by the District's counsel stating that

---

[1]Rule 11(b)(1) provides as follows:

**(b)**     **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

they would take the demand to the school board for a vote, but that they were not going to recommend making the offer.  After the conference, the District asserts that the Parents' counsel made another lower demand of $56,000.00.  The District's counsel then said they would take it to the school board for a vote.  Less than one hour  before the District's counsel was going to present the newest demand to the school board, the parents' counsel called and rescinded all offers of settlement and demanded the full amount of $155,904.16.  Based on the same conduct, the District is seeking sanctions in the form of attorneys fees.  (Docket No. 78).

In response, the Parents suggest that they rescinded their offer when they first became aware that the District's counsel did not come to the conference "with any settlement authority or the ability to reach his client during said Settlement Conference," and that the Parents somehow viewed this as bad faith. (Docket No. 79, ¶11).  I have to say that this response is very troubling to me.  As counsel working in the field of education law should know, counsel representing school districts do not have the "authority" to settle cases without first presenting the demand at an open school board meeting.  Consequently, I do not find any of the conduct by the District or the District's counsel to be in anything but good faith, and should not be cause for the rescission of a demand.

With that said, I believe that the conduct of the Parents and the Parents' counsel could be viewed as disappointing, annoying, and even aggravating. I do not believe, however, that it rises to the level of warranting Rule 11 sanctions. Consequently, we will proceed with the hearing on the attorneys fees as scheduled.

THEREFORE, this **16ᵗʰ** day of May, 2006, after consideration of the pending Motion for Sanctions (Docket No. 76), said Motion is denied.


BY THE COURT:




/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge